United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BRAUN and ANDREA BRAUN,<br><br>         Plaintiffs,<br><br>  v.<br><br>GALE NORTON, et al.,<br><br>         Defendants.<br>─────────────────────────────/<br>THE UNITED STATES OF AMERICA,<br><br>         Defendant and Counter-<br>         Claimant,<br><br>  v.<br><br>OSCAR BRAUN and ANDREA BRAUN,<br><br>         Plaintiffs and Counter-<br>         Defendants.<br>─────────────────────────────/ | No. C-05-03777-MJJ<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR LEAVE TO AMEND TO<br>ADD ADDITIONAL PLAINTIFFS** |

## INTRODUCTION

Before the Court is Plaintiffs Oscar Braun and Andrea Braun's ("Plaintiffs," the "Brauns") Motion for Leave to Amend.[1] The motion is opposed by Defendants Gale Norton, John W. Keys, Kirk C. Rogers, Michael R. Finnegan, Pedro "Pete" Lucero ("Defendants").

For the following reasons, the Court **GRANTS** the motion for leave to amend.

---

[1] Docket No. 16, filed December 12, 2005.

**STATEMENT OF FACTS**

Defendants manage the recreation area around Lake Berryessa, California ("Lake Berryessa Recreation Area," "Lake Berryessa"). In carrying out their management duties, Defendants are required to comply with the government's Reservoir Area Management Plan ("RAMP"). Defendants prepared and adopted the RAMP pursuant to applicable legal guidelines and requirements. Among other things, the RAMP provides that individuals with mobile homes, travel trailers, boats, and other similar vehicles, may park their vehicles within the Lake Berryessa Recreation Area if they acquire a permit with one of seven designated concessionaires.

Lake Berryessa Recreation Area is divided into seven parcels, each sub-managed by a designated concessionaire. The concessionaires, pursuant to concession agreements with Defendants, develop the land and issue permits allowing use of the designated parcels of Lake Berryessa Recreation Area. The parcel at issue here is known as Pleasure Cove Marina ("Pleasure Cove").

On September 1, 2000, the former designated concessionaire for Pleasure Cove issued permits to the Brauns. Upon receipt of these permits, the Brauns moved their private mobile homes, boats, docks, and other personal property to Pleasure Cove. According to the Plaintiffs' Complaint, the permits, which were issued pursuant to a site rental agreement, did not have an expiration date.

In 2005 Defendants terminated their contract with the former concessionaire of Pleasure Cove and entered a new concession agreement with Forever Resorts, Inc. ("Forever Resorts") for that parcel. Under the new concession agreement, Forever Resorts had the ability to require permit-holders to enter into new site rental agreements. The concession agreement provided that if permit-holders refused to enter into new rental agreements, their previously issued permits would expire, and Defendants would have the authority to remove their vehicles and deny them access to Pleasure Cove. Defendants assert that they provided the Brauns and the other permit-holders with the requisite notice regarding the changes to site rental agreements, including permit termination, under the new concession agreement.

According to the Brauns, the permit-holders under the former site rental agreement requested that Defendants reconsider and rescind the provisions of the new concession agreement that

1  provided for the removal of vehicles from Pleasure Cove if the permit-holders decline to enter into
2  the new site rental agreement. Despite their requests, Defendants refused to do so.

3  Defendants assert that those Pleasure Cove occupants who did not enter into new site rental
4  agreements no longer have valid permits. Accordingly, Defendants have determined that these
5  individuals are now unlawfully on Pleasure Cove property and have ordered the removal of their
6  vehicles, and have denied them access to the land.

7  The Brauns filed their complaint on September 19, 2005, asserting that Defendants' eviction
8  order violates the RAMP. In the Complaint, the Brauns seek declaratory and injunctive relief to
9  prevent Defendants from enforcing their order.

10  On December 12, 2005, Plaintiffs moved for leave to amend their complaint and add 53
11  additional plaintiffs. These additional plaintiffs also held Pleasure Cove permits pursuant to the
12  former site rental agreement and also parked their vehicles at Pleasure Cove. These additional
13  plaintiffs also refused to enter into new site rental agreements and are now subject to Defendants'
14  eviction order.

## LEGAL STANDARD

16  Rule 20(a) of the Federal Rules of Civil Procedure permits a party to amend a complaint to
17  join parties provided that a right to relief arises out of the same transaction or occurrence, and that
18  there exists a single common question of law or fact affecting each of the persons of the party. Rule
19  15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a
20  matter of course before a responsive pleading is served; after that, the party may amend the pleading
21  only by leave of court or by written consent of the adverse party. Additionally, Rule 15(a) instructs
22  that, "leave shall be freely granted when justice so requires." The Supreme Court has made it clear
23  that courts are to carefully heed this mandate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).
24  Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment
25  will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.
26  1987).

27  In determining whether to grant leave to amend, the Court considers the following factors:
28  (1) whether the movant unduly delayed in bringing the motion; (2) evidence of bad faith or dilatory

3

motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Id.* Generally, the court engages in this analysis with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While each of these factors is relevant to determine the propriety of leave to amend, the predominating factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, if the party opposing the motion fails to establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

## ANALYSIS

As the party seeking leave to amend, Plaintiffs bear the initial burden of demonstrating why amendment is necessary. In their motion, Plaintiffs state that the other 53 plaintiffs for which they seek joinder are also long-term permit holders, also purchased and moved their vehicles to Pleasure Cove pursuant to the former site rental agreement, also refused to enter into the new site rental agreement, also requested that Defendants reconsider the new concession agreement, and will also suffer harm if Defendants enforce their eviction order.

Defendants oppose Plaintiffs' motion, arguing that Plaintiffs fail to demonstrate that the new plaintiffs' claim arises out of the same transaction or occurrence or involve a common question of law or fact. The Court will address each of these challenges in turn.

### 1.  The Claims Arise Out Of The Same Transaction Or Occurrence.

Courts broadly construe the requirement that the right to relief arise out of the same transaction or occurrence, and engage in a case by case analysis to determine whether claims satisfy this requirement. *Desert Empire Bank v. Insurance Co. of No. America,* 623 F. 2d 1371, 1375 (9th Cir. 1980); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Defendants argue that the claims do not arise out of the same transaction or occurrence. First, Defendants contend that Plaintiffs fail to plead their motion for leave to amend with sufficient detail for the Court to find that the claims arise out of the same transaction or occurrence.

4

Defendants assert that Plaintiffs merely added the names of the parties to be joined without adding additional, particularized facts relating to the new plaintiffs. The Court disagrees.

Plaintiffs need not identify every fact involved in order for their motion for leave to amend to stand. *See Mosley*, 497 F.2d at 1333. Plaintiffs adequately describe the details of the alleged harm as well as the Defendants against whom the claims are alleged.[2] That the facts alleged are the same as those alleged in the original complaint is immaterial. *See* Fed. R. Civ. P. 7(b); Fed. R. Civ. P. 15(a); N.D. Cal. R. 10-1.

Second, Defendants argue the claims did not arise out of the same transaction or occurrence because Plaintiffs and the 53 additional plaintiffs occupied Pleasure Cove during different dates, had different permit documents, and had different rent-payment histories. Whether the Brauns and the additional plaintiffs actually occupied Pleasure Cove at different times, held their permits pursuant to different permit documents, or had different rent-payment histories is unclear from the pleadings. The Court, however, does not believe that such details are dispositive as to whether the claims arise out of the same transaction or occurrence or series thereof. Instead, the Court finds that there is a logical relationship between what the government allegedly did and the claims sought to be joined, and that there is a common legal framework for the Court to decide these issues.

Plaintiffs base their claim on Defendants' order to remove property and deny access to Pleasure Cove to permit-holders who refused to sign the new site rental agreement. Similarly, the new plaintiffs base their claim on the same set of facts. Like the Brauns, the plaintiffs to be added to

---

[2]Defendants rely on *Aaberg v. ACandS, Inc.*, 152 F.R.D. 498 (D. Md. 1994), and *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997), to support their contention that Plaintiffs failed to provide adequate detail to establish a common transaction or occurrence. This Court, however, distinguishes this case from both *Aaberg* and *Coughlin*.

*Aaberg*, a memorandum opinion, involved a maritime asbestos case where a "skeleton" complaint joined 1,000 plaintiffs under Rule 20. *Aaberg*, 152 F.R.D. at 500. Plaintiffs did not describe the incidents or circumstances of asbestos exposure or the products/defendants responsible for the asbestos exposure. *Id.* at 500. Accordingly, the district court dropped the misjoined parties, pursuant to Rule 21, for failure to demonstrate the claims arose out of the same transaction or occurrence. *Id.* at 500-01. Here, however, Plaintiffs describe the details of the alleged harm as well as the Defendants against whom they allege the claim.

Additionally, *Coughlin* involved seven plaintiffs, all of whom had claims against the Director of Immigration and Naturalization Services. *Coughlin*, 130 F.3d at 1349. The complaint alleged the defendant had unduly delayed in adjudicating plaintiffs' petitions in violation of the Administrative Procedure Act. *Id.* The seven plaintiffs' claims, however, fell into six distinguishable categories. *Id.* The district court severed the parties with the distinct claims, stating that delay, in and of itself, does not create a common transaction or occurrence. *Id.* at 1350-51. The Ninth Circuit affirmed. *Id.* at 1352. Here, the common transaction or occurrence is not delay, but rather the series of events giving rise to Defendants' order authorizing removal of property from and denial of access to Pleasure Cove.

5

the Complaint owned permits with a former concessionaire. They, too, parked their mobile homes, boats, docks, and other personal property at Pleasure Cove pursuant to these permits. Like the Brauns, the additional plaintiffs refused to sign a new site rental agreement and urged Defendants to reconsider the provisions of the new concession agreement. As a result of their refusal to sign a new site rental agreement, Defendants issued an order to remove the additional plaintiffs' property and deny them access to Pleasure Cove, on the grounds that their permits were expired. The claims of Plaintiffs and the additional plaintiffs are grounded in Defendants' eviction order, and therefore arise out of the same transaction or occurrence.

### 2. The Claims Present A Common Legal Issue.

Courts also liberally construe the single common question of law or fact requirement. Any factual or legal question satisfies this requirement. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974).

The Court finds a common legal question here. All of these plaintiffs litigate the same issue and seek the same remedy: they all request injunctive relief to invalidate and prevent enforcement of Defendants' order removing property from and denying access to Pleasure Cove. Accordingly, Plaintiffs Braun meet the commonality requirement for joinder.

### 3. Defendants Fail To Establish A Reason Why Leave Should Not Be Freely Granted.

Although the Court considers the five factors mentioned above when considering whether to grant a motion for leave to amend, unless granting the motion will result in undue prejudice, a court should grant a motion to amend. *Howey*, 481 F.2d at 1190. "The undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Securities & Exchange Com. v. Glick*, No. CIV.LV.78-11, 1980 U.S. Dist. LEXIS 12141, at *7 (D. Nev. June 12, 1980); *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969).

Plaintiffs have not unduly delayed, displayed bad faith, or failed to cure in filing their motion for leave to amend. Moreover, Defendants have given the Court no reason to find that granting the motion will result in undue prejudice. Accordingly, the Court finds Defendants have failed to

6

establish any reason this Court should not grant Plaintiffs' motion for leave to amend.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to amend the complaint to add additional plaintiffs.[3]

**IT IS SO ORDERED.**

Dated: January 27, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] Docket No. 16, filed December 12, 2005.

7