United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BRAUN and ANDREA BRAUN,<br><br>    Plaintiffs,<br><br>v.<br><br>GALE NORTON, et al.,<br><br>    Defendants.<br>_____/<br>THE UNITED STATES OF AMERICA,<br><br>    Defendant and Counter-Claimant,<br><br>v.<br><br>OSCAR BRAUN and ANDREA BRAUN,<br><br>    Plaintiffs and Counter-Defendants.<br>_____/ | No. C-05-03777-MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFFS TO FILE AN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT** |

**ORDER**

On November 22, 2005, Defendant United States ("Defendant", "United States") filed a Motion to Dismiss for lack of subject matter jurisdiction (Docket No. 8).  On December 15, 2005, Defendant filed a Motion for Partial Summary Judgment (Docket No. 20).   Defendant filed notices on December 29, 2005 setting these motions for hearing on January 31, 2006. (Docket Nos. 25, 26). Pursuant to Civil Local Rule 7-3(a), any opposition to these motions would have been due 21 days

before the hearing date, on January 10, 2006,

On January 19, 2006, since the Court had not received Plaintiffs' opposition, the Court ordered Plaintiffs to show cause as to why they had not opposed Defendant's motions as required by the local rules. (Docket Nos. 29, 30). Pursuant to this Court's standing order, "[u]nless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date..." (Standing Order, ¶ 6). More importantly, the Court's standing order states that, "[a]n opposing party's failure to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of said motion." (Standing Order, ¶ 2).

On January 30, 2006, Plaintiffs responded to the Court's order to show cause. However, Plaintiffs failed to demonstrate good cause for not opposing Defendant's motions. Plaintiffs' attorney claimed that, "[a]s of Friday, January 6, 2006, I had good faith confidence [sic] that a settlement agreement would be reached between the parties, and that on Monday, January 9, 2006, Plaintiffs would voluntarily dismiss their action and that Defendant and Counter-Claimant would withdraw their motion for Summary Judgment. Therefore, relying in good faith on the ongoing negotiations, Plaintiffs did not prepare and file costly opposition motions." (Docket No. 31, ¶ 3). However, Plaintiffs neither requested a continence from the Court nor informed the Court about any ongoing settlement talks. Moreover, Plaintiff's characterization of the status of the settlement talks is vigorously contested by Defendant. (Defendant's Reply to Plaintiff's Response to Order to Show Cause, Docket No. 33 at 2). Defendant states, "the United States disagrees with and does not concur in any of the foregoing characterizations of past 'settlement negotiations', the current status of negotiations, or the prospects for reaching settlement with the Brauns...It is submitted that the Brauns' response serves only to deny the United States its day in court.." *Id.*

The Court finds that Plaintiffs' attorney's alleged pursuit of settlement negotiations does not constitute good cause for failing to file an opposition or for failing to request a continuance pursuant to Civil Local Rules 6 and 7. Even if Plaintiffs' attorney had been engaged in dispositive settlement talks, that would not relieve Plaintiffs of their responsibility to either respond to pending motions or

1 request a continuance from the Court. In accordance with the Court's standing order, the Court
2 deems Plaintiffs' failure to file an opposition consent to grant Defendant's motions.

### 1. Defendant's Motion to Dismiss Plaintiffs' Claims

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1). Defendant argues that the Court does not have independent subject matter jurisdiction over Plaintiff's claims because Plaintiff's assertion of jurisdiction is based solely upon the Administrative Procedure Act (the "APA"). The "APA...does not provide an independent jurisdictional basis" for this Court to exercise jurisdiction. *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988). The Court is persuaded that Plaintiffs have not established this Court's jurisdiction over their claims. Since Plaintiffs concede Defendant's position, the Court **GRANTS** Defendant's Motion to Dismiss.[1]

### 2. Motion For Partial Summary Judgment for Defendant's Counter-Claims

Plaintiffs are hereby **ORDERED** to file an opposition to Defendant's Motion for Partial Summary Judgment by 5:00 PM PST on February 3, 2006. Pursuant to the local rules and this Court's standing order, Plaintiffs' opposition was due nearly a month earlier, on January 3, 2006. The Court will consider the matter of sanctions up to and including the costs imposed upon Defendant for Plaintiffs' untimely opposition. Plaintiffs are advised that failure to timely file their opposition pursuant to this order will be deemed consent to Defendant's Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

Dated: February 1, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] This action remains open as to Defendant's counter-claims only. Plaintiffs' claims are dismissed..

3